Filed 4/8/16  P. v. Hatfield CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONALD HATFIELD,<br><br>    Defendant and Appellant. | D068756<br><br><br><br>(Super. Ct. No. SCE207071) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

BACKGROUND

On July 29, 2000, James Schmidt went to a neighbor's apartment, where he encountered defendant and appellant Ronald Hatfield. Defendant struck Schmidt in the face and took his keys. Defendant then handed the keys to his companions. Later, two people entered Schmidt's apartment and stole guns. Two days later, an El Cajon police officer detained defendant and two companions at a gas station after the officer recognized defendant as an individual who might have been involved in the July 29 crimes. The automobile was searched, and a gun stolen from Schmidt was recovered. The driver denied knowledge of the gun. Defendant was riding in the rear passenger seat; he was not wearing a shirt. The arresting officer testified the gun was found concealed by a T-shirt and other clothing on the rear seat. Defendant was convicted of being a felon in possession of a firearm in violation of Penal Code former section 12021, subdivision (a)(1), for which he received a sentence of 25 years to life. He received an additional one year for each of four prison priors, for a total sentence of 29 years to life. Defendant filed a timely notice of appeal. This court affirmed his conviction and sentence in 2001. (*People v. Hatfield* (Nov. 14, 2001, D037240) [nonpub. opn.].)

On March 14, 2015, defendant filed a motion, and later, addendums, to recall his sentence pursuant to Penal Code section 1170.126. On August 12, 2015, defendant's motion was denied based on the trial court's finding he was armed during the commission of his current offense and was therefore ineligible for relief. He filed a timely notice of appeal.

Defendant argues on appeal that the trial court erred in denying his motion to

2

reduce his sentence.

## ANALYSIS

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act), which modified Penal Code sections 667 and 1170.12 and added Penal Code section 1170.126. Under Penal Code section 1170.126, the three strikes law was diluted by reserving life sentences for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. The Act also created a postconviction release proceeding whereby a prisoner serving an indeterminate life sentence imposed under the three strikes law for a crime that is not a serious or violent felony, and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender, unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126; see *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

One of the disqualifying factors in the Act is whether, during the commission of the current offense, the defendant was "armed with a firearm or deadly weapon." (See Pen. Code, §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see also Pen. Code, § 1170.126, subd. (e)(2).) A trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.)

The definition of "armed" is quite broad. Our Supreme Court has ruled that "armed" means that the defendant had the prohibited weapon available for offensive or

3

defensive use. (*People v. Bland* (1995) 10 Cal.4th 991, 1002.) The term "armed" has also been interpreted to mean ready access to a firearm, which creates a real danger it can be used. (*People v. Gonzales* (1992) 8 Cal.App.4th 1658, 1662-1663; *People v. Moore* (1956) 143 Cal.App.2d 333, 336.) Even when a defendant is not holding a gun, or did not have it on his or her person, it has been held the defendant was "armed." (*People v. Wandick* (1991) 227 Cal.App.3d 918, 921; *People v. Searle* (1989) 213 Cal.App.3d 1091, 1099.)

Here, the jury found defendant possessed the gun. The trial court concluded from the record of conviction that defendant was armed. Defendant was in the backseat of the car, and the gun was under clothing on the backseat next to him, where it was readily available for use. This provided the evidence necessary under the preponderance of the evidence test. Contrary to defendant's argument, the trial court did not engage in improper relitigation of the circumstances of the crime, which would run afoul of *People v. Guerrero* (1988) 44 Cal.3d 343 and *People v. Trujillo* (2006) 40 Cal.4th 165. *People v. Guerrero* authorizes a review of the entire record of conviction in order to determine the conduct that underlies the crime. It is the use of evidence derived from outside the record that is prohibited. *People v. Trujillo* prohibited the use of incriminating statements in a postplea probation report. Here, the facts used by the trial court to determine the circumstances of the crime were clear. Defendant was not wearing a shirt. He was sitting in the backseat and next to him, under clothing, was a gun. The unpublished opinion of this court confirms this factual circumstance.

Defendant also argues the "arming" must be anchored to an offense that does not

4

include a possession charge. We find no language in the statutes that supports such an argument. The facts surrounding the crime of possession in this case more than adequately meet the definition of "armed." They certainly meet the burden of proof establishing defendant was armed, that is, a preponderance of the evidence.

## DISPOSITION

The conclusion of the court denying reduction of defendant's conviction is affirmed.


BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

5